IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, § § § § § | | |
| Plaintiff, § § | Civil Action No. 9:22-cv-201 | |
| v. § § | | |
| PATRICK MARTIN § § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F ("Plaintiff or "Wilmington") files this its *Original Complaint* against Defendant Patrick Martin ("Defendant"), and states as follows:

## I.   PARTIES

1.   Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2.   Decedent Billie K. Martin ("Decedent") was a borrower under the subject Loan Agreement at issue in this action. Decedent died on or about May 3, 2022. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county in which she died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.   Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of

Decedents' respective estates, including an undivided interest in the Property, immediately upon their death. Each Heir is made a party in this proceeding.

4. Defendant Patrick Martin is co-borrower and surviving spouse of Defendant. He is a citizen of the state of Texas and may be served with process at 3685 N. FM 225 Douglass, Texas 75943, or at any other place where he may be found. Summons is requested.

## II. PROPERTY

5. This proceeding concerns the real property and improvements commonly known as 3685 N. FM 225 Douglass, Texas 75943 (the "Property") and more particularly described as follows:

> ALL THAT CERTAIN TRACT OR PARCEL OF LAND SITUATED ABOUT 14 MILES NORTHWEST OF THE CITY OF NACOGDOCHES, NACOGDOCHES COUNTY, TEXAS ON THE JOSEPH DURST SURVEY, A 27 AND BEING THE SAME LAND DESCRIBED AS A 3.00 ACRE TRACT IN A CONVEYANCE FROM BRADLEY VAN LOWERY TO JILL J. HEARD AND BRADY K. WHEELER, DATED NOVEMBER 14, 2005 AND RECORDED IN VOLUME 2339, PAGE 121 OF THE DEED RECORDS OF NACOGDOCHES COUNTY, TEXAS AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT A POINT FOR CORNER AT THE INTERSECTION OF THE WEST RIGHT OF WAY OF FARM TO MARKET ROAD 225 AND THE CENTER OF COUNTY ROAD 868 FROM WHICH A 1/2 INCH IRON ROD FOUND FOR WITNESS BEARS NORTH 06 DEGREES 30 MINUTES 32 SECONDS EAST, 25.01 FEET, SAID CORNER BEING THE SEC OF SAID 3.00 ACRE TRACT; THENCE WITH THE CENTER OF COUNTY ROAD 868 AND THE SBL OF SAID 3.00 ACRE TRACT AS FOLLOWS: NORTH 84 DEGREES 55 MINUTES 39 SECONDS WEST, 311.27 FEET; NORTH 83 DEGREES 19 MINUTES 57 SECONDS WEST, 63.69 FEET TO A POINT FOR CORNER FROM WHICH A 1/2 INCH IRON ROD FOUND FOR WITNESS BEARS NORTH 08 DEGREES 43 MINUTES 18 SECONDS EAST, 23.00 FEET, SAID CORNER BEING THE SWC OF SAID 3.00 ACRE TRACT AND A SEC OF A 124.65 ACRE TRACT DESCRIBED IN A CONVEYANCE FROM LOWERY FARMS TO MICHAEL T. LOWERY, DATED JUNE 4, 1999 AND RECORDED IN VOLUME 1343, PAGE 274 OF THE DEED RECORDS OF

NACOGDOCHES COUNTY, TEXAS; THENCE NORTH 08 DEGREES 43 MINUTES 18 SECONDS EAST, 335.00 FEET WITH THE WBL OF SAID 3.00 ACRE TRACT AND AN EBL OF SAID 124.65 ACRE TRACT TO A 1/2 INCH IRON ROD FOUND FOR CORNER, SAID CORNER BEING THE NWC OF SAID 3.00 ACRE TRACT AND A REENTRANT CORNER OF SAID 124.65 ACRE TRACT; THENCE SOUTH 81 DEGREES 16 MINUTES 42 SECONDS EAST, 478.10 FEET (BEARING BASE) WITH THE NBL OF SAID 3.00 ACRE TRACT AND A SBL OF SAID 124.65 ACRE TRACT TO A 1/2 INCH IRON ROD FOUND FOR CORNER IN THE NORTHWEST RIGHT OF WAY OF FARM TO MARKET ROAD 225, SAID CORNER BEING THE NEC OF SAID 3.00 ACRE TRACT AND A SEC OF SAID 124.65 ACRE TRACT; THENCE WITH THE NORTHWEST RIGHT OF WAY OF FARM TO MARKET ROAD 225 AND THE EBL OF SAID 3.00 ACRE TRACT AS FOLLOWS: SOUTH 44 DEGREES 53 MINUTES 34 SECONDS WEST, 39.80 FEET TO A 1/2 INCH IRON ROD FOUND FOR CORNER; SOUTHWESTERLY, 286.00 FEET WITH A CURVE TO THE LEFT HAVING A RADIUS OF 421.97 FEET, A CENTRAL ANGLE OF 38 DEGREES 50 MINUTES 00 SECONDS AND A CHORD OF SOUTH 25 DEGREES 28 MINUTES 34 SECONDS WEST, 280.56 FEET TO A POINT FOR CORNER; SOUTH 06 DEGREES 03 MINUTES 34 SECONDS WEST, 12.14 FEET TO THE PLACE OF BEGINNING, CONTAINING 3.00 ACRES.

### III.   DIVERSITY JURISDICTION AND VENUE

6.   Defendant is an individual and citizen of the state of Texas.

7.   Wilmington s the trustee for a mortgage securitized trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S.

303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

8. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Nacogdoches County Appraisal District values the Property at $165,210.00. Therefore, the value of the Property exceeds $75,000.00.

11. Jurisdiction and venue are properly in this district and division, the United District Court for the Eastern District of Texas, Lufkin Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in the Nacogdoches County.

## IV.   FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. On or about March 31, 2010, Decedent Billie K. Martin and Defendant Patrick Martin ("Borrowers") executed a *Note* in the principal amount of $113,775.00 (the "Note"), with an annual annual interest rate of 5.500% and originally payable to Citizens National Bank of Paris, an Illinois Corporation. ("Citizens"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

14. Concurrently with the execution of the Note, Borrowers executed a *Deed of Trust* ("Deed of Trust" and together with the Note, the "Loan Agreement"), as grantors, granting Citizens its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Nacogdoches County, Texas, as Document No. 2010-3673. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

15. Subsequently, Citizens transferred and assigned the Loan Agreement to JPMorgan Chase Bank,, N.A. The Corporation Assignment of Deed of Trust ("First Assignment") was recorded in the official public records of Nacogdoches County, Texas, under Instrument No. 2011-13255. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C**.

16. JPMorgan Chase Bank, N.A. entered in to a Loan Modification Agreement with the Borrowers on February 26, 2018. The Loan Modification Agreement was recorded in the official public records of Nacogdoches County, Texas, under Instrument No. 2018-2063. A true and correct copy of the Loan Modification Agreement is attached hereto as **Exhibit D**.

17. Subsequently, JPMorgan Chase Bank, N.A. transferred and assigned the Loan Agreement to Wilmington Savings Fund Society, FSB, as trustee of Juniper Mortgage Loan Trust F. The Texas Assignment of Deed of Trust ("Second Assignment") was recorded in the official public records of Nacogdoches County under Instrument No. 2020-2797 A true and correct copy of the Second Assignment is attached hereto as **Exhibit E.**

18. Plaintiff is the current holder of the Note and the beneficiary of the Deed of Trust. Wilmington is also a "*mortgagee*" as that term is defined in section 51.001(4) of the Texas Property Code.

19. Decedent Billie K. Martin died on or about May 3, 2022. No probate has been opened for Decedent in the county in which the property is located and in which she died. Therefore, there is no personal representative of Decedent's respective estates to be made a party to this action. In accordance with Texas Estates Code sections 101.001(b) and 101.051, Decedent's Heirs acquired all of Decedent's interest in the Property immediately upon Decedent's death, subject to the Loan Agreement debt owed to Plaintiff.

20. Under the terms of the Loan, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

21. The Loan further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, that the lender may enforce the Deed of Trust by selling the Property according to law and in accordance with the provisions set out in the Loan.

22. The Loan is in default. A *Notice of Intent to Foreclose* ("Notice of Default") was sent in accordance with the Loan Agreement and the Texas Property Code on September 6, 2022. A true and correct copy of the Notice of Default is attached hereto as **Exhibit F**.

23. The default was not cured. The maturity of the Loan Agreement was accelerated on November 30, 2022, when a *Notice of Acceleration of Loan Maturity* was sent in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit G.**

24. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4) and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

### B.  ENFORCEMENT OF STATUTORY PROBATE LIEN

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

29. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## C.  NON-JUDICIAL FORECLOSURE

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Because of a material breach of the Loan, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan and Texas Property Code § 51.002, with respect to Defendant who acquired the Property subject to Decedent's debts.

32. Because of the material breach of the Loan, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all

constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### D. JUDICIAL FORECLOSURE

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

35. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Nacogdoches County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the loan debt.

### E. ATTORNEYS FEES

36. Because of the material breach of the Loan, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan Agreement, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## VI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
State Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**